HOFMANN & SCHWEITZER
Attorneys for Plaintiff
360 West 31st Street, Suite 1506
New York, NY 10001-2727
Tel: 212-465-8840

CV 13 - 4819

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
DAVID A. PANDORF,                     COMPLAINT
              Plaintiff,              CIVIL AND ADMIRALTY
     -against-                        IN REM and IN PERSONAM

MARIUS R. FORTELNI,
and the M/Y EDEN DROP, In Rem,

              Defendants.
------------------------------------------------------x



Jury Trial Demanded

Plaintiff, David A. Pandorf, makes claim against the defendant for damages upon the following causes of action:

FIRST CAUSE OF ACTION

1. Plaintiff is a seaman within the meaning of that term as used in the Jones Act, 46 U.S.C. § 30104.

2. The jurisdiction of this Court over this First Cause of Action arises under and by virtue of the Jones Act, 46 U.S.C., § 30104 et seq., the General Maritime Law and the Admiralty jurisdiction of the United States under 28 U.S.C. § 1333. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374 U.S.

16 (1963).

3. On September 26, 2010 and at all times material hereto defendant MARIUS R. FORTELNI owned the MOTOR YACHT 'EDEN DROP' ("M/Y EDEN DROP"), a vessel in navigation in the navigable waters of the United States.

4. On September 26, 2010 and at all times material hereto defendant MARIUS R. FORTELNI operated the M/Y EDEN DROP, a vessel in navigation in the navigable waters of the United States.

5. On September 26, 2010 and at all times material hereto defendant MARIUS R. FORTELNI possessed the M/Y EDEN DROP, a vessel in navigation in the navigable waters of the United States.

6. On September 26, 2010 and at all times material hereto defendant MARIUS R. FORTELNI managed the M/Y EDEN DROP, a vessel in navigation in the navigable waters of the United States.

7. On September 26, 2010 and at all times material hereto defendant MARIUS R. FORTELNI controlled the M/Y EDEN DROP, a vessel in navigation in the navigable waters of the United States.

8. On September 26, 2010 and at all times material hereto defendant MARIUS R. FORTELNI was the bareboat charterer, and/or was the owner pro hac vice of the M/Y EDEN DROP in coastwise, inter-coastal and foreign commerce.

9. The vessel, M/Y EDEN DROP, presently is, or during the pendency of this action, will be within the Federal Judicial District in which this action has been commenced.

10. On or about September 26, 2010 and at all times mentioned herein, plaintiff was in the employ of the defendant as a member of the crew of the M/Y EDEN DROP in the capacity of Captain at the rate of pay and for the term set forth by defendant.

11. On or about September 26, 2010 while the vessel was in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessel and the negligence of the defendant, was caused to sustain the serious injuries more specifically set forth hereunder, when plaintiff fell down a stairway.

12. Plaintiff's injuries were caused by negligence of the defendant and by the unseaworthiness of the vessel, and by defendant's breach of its obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

13. Solely by reason of the negligence of the defendant, and the unseaworthiness of the vessel as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured; he fractured his coccyx and ribs; he sustained a concussion; he has been caused to suffer from serious spinal injuries; he injured his back; he has been caused to suffer from severe back pain; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he

has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations.

14. By reason of the foregoing, plaintiff claims damages in an amount to be determined by the trier of fact.

## SECOND CAUSE OF ACTION

Plaintiff claims of the defendant, maintenance and cure and wages, punitive damages and attorneys fees in such amount as may be determined by the Court upon the following cause of action:

15. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth and repeated herein.

16. The jurisdiction of this Court over this second cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

17. As a seaman, plaintiff is entitled to maintenance and cure as a result of injuries he suffered on September 26, 2010.

18. All cure and maintenance to which plaintiff was entitled has not been provided to plaintiff.

19. Because of plaintiff's injuries, as aforesaid, plaintiff is entitled to maintenance and cure which is unpaid. Plaintiff, by virtue of his service upon the said vessel, claims maintenance, cure and wages and punitive and exemplary damages and

4

attorneys fees in an amount which the Court shall deem just and proper upon the trial of this cause.

20. All and singular, the premises contained in the second cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, plaintiff prays that judgment be entered against the defendants, and,

1. That a warrant of arrest issue against the vessel, her boilers, engines, tackle, appurtenances, etc., and that all persons claiming any right, title or interest therein be cited to appear and answer all the matters aforesaid;

2. That citation issue against defendants MARIUS R. FORTELNI and the M/Y EDEN DROP to appear and answer all the matters aforesaid;

3. That this Honorable Court enter judgment for plaintiffs in accordance with the sums set forth as aforesaid together with interest, costs and counsel fees;

4. That the said vessel, her boilers, engines, tackle, appurtenances, etc. be condemned and sold to pay the same;

5. That judgment be entered against the defendants for compensatory damages in the amount found by the trier of fact, and for such maintenance, cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs, punitive damages and counsel fees as the Court may deem just and proper.

Dated: New York New York
August 22, 2013

HOFMANN & SCHWEITZER
Attorneys for Plaintiff

By: *[signature]*

Timothy F. Schweitzer (TS2167)
360 West 31st Street, Suite 1506
New York, New York 10001
Tel: 212-465-8840

HOFMANN & SCHWEITZER
Attorneys for Plaintiff
360 West 31st Street, Suite 1506
New York, NY 10001-2727
Tel: 212-465-8840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
DAVID A. PANDORF,

                Plaintiff,           VERIFICATION

    -against-

MARIUS R. FORTELNI,
and the M/Y EDEN DROP, In Rem,

                Defendants.
------------------------------------------------------x

STATE OF NEW YORK    )
                              )ss.
COUNTY OF NEW YORK  )

      BEFORE ME, the undersigned authority, personally appeared David A. Pandorf, plaintiff, who was duly sworn and says that he is the plaintiff herein, that he has read the foregoing complaint and is familiar with its contents, which are true to the best of his information and belief.

                                            _____
                                            David A. Pandorf

Sworn to before me this
22nd day of August 2013

_____
Notary Public

TIMOTHY F. SCHWEITZER
Notary Public, State of New York
No. 02SC6053885
Qualified in Suffolk County
Commission Expires January 22, 2015